**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON**

**CIVIL ACTION NO. 17-301-DLB**

**ROBERT E. BANKS**                                                     **PLAINTIFF**

**VS.**                     **MEMORANDUM OPINION
AND ORDER**

**MAYOR JAMES ED GARRISON, et al.,**                        **DEFENDANTS**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Plaintiff Robert E. Banks is a resident of Manchester, Kentucky. Banks has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. # 1). This matter is before the Court to conduct the screening of Banks' complaint required by 28 U.S.C. § 1915(e). A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

Banks alleges that on October 21, 2017, an unidentified police officer asked to search his home. Banks refused and told him to get a search warrant. The officer used his radio to determine if Banks had any outstanding bench warrants; Banks alleges that at this time the officer's "superior" told him to leave Banks' property. (Doc. # 1 at 2).

Banks contends the officer's actions violated his right under the Fourth Amendment to be free from unreasonable searches and seizures, and seeks compensatory and punitive damages from the officer, the police chief, the mayor, and the City of Manchester. (Doc. # 1 at 1, 4, 7).

Having reviewed the complaint, the Court must dismiss this action for failure to state a claim. The Fourth and Fourteenth Amendments provide that an official search conducted without a warrant supported by probable cause is *per se* unreasonable absent the application of some exception. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973). One of those exceptions is consent, *Davis v. United States*, 328 U.S. 582, 593-94 (1946), which Banks alleges he did not give. Had the officer actually conducted a search of Banks' home without his consent, Banks might be able to state a viable claim, cf. *Fernandez v. California*, __ U.S. __, 134 S. Ct. 1126 (2014), but he makes no such allegation in his complaint.

Instead, Banks suggests that after he denied the officer's request for a consensual search, the officer left shortly thereafter at the direction of his superior. The officer's brief presence at Banks' doorstep was not a search. *Florida v. Jardines*, 569 U.S. 1, 8-10 (2013) (noting that "the knocker on the front door is treated as an ... implicit license ... to approach the home by the front path, knock promptly, wait briefly to be received, and then (absent invitation to linger longer) leave. ... Thus, a police officer not armed with a warrant may approach a home and knock, precisely because that is 'no more than any private citizen might do.'") (citations omitted). The Fourth Amendment prohibits "unreasonable searches and seizures"; because the officer neither searched Banks' home nor seized anything within it, it is axiomatic that Banks cannot state a claim for a violation of his constitutional rights under the facts alleged.

Without an underlying constitutional violation by the officer, the complaint can state no claim against the police chief, the mayor, or the city. But even had there been such a violation, the police chief and the mayor are not ipso facto liable for anyone's actions but

their own. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) ("In a § 1983 suit or a *Bivens* action—where masters do not answer for the torts of their servants—the term 'supervisory liability' is a misnomer."). Banks makes no allegations at all against either the mayor or the police chief, and any claim against them must necessarily fail. *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (complaint that fails to allege that each defendant was "personally involved in the alleged deprivation of federal rights" fails to state claim against such defendants).

Nor is a city liable absent an allegation that the rights violation is directly traceable to one of its policies or customs. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981). Banks makes no such allegation here. Accordingly,

**IT IS ORDERED** that:

(1) Banks' complaint (Doc. # 1) is **DISMISSED WITH PREJUDICE**;

(2) The Court will enter an appropriate judgment; and

(3) This matter is **STRICKEN** from the active docket.

This 18th day of December, 2017.



Signed By:
*David L. Bunning* DB
United States District Judge

K:\DATA\ORDERS\ProSe\Banks 17-301-DLB Memorandum RBW.docx

3